```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA            :    INDICTMENT
                                    :
          - v. -                    :    S11 05 Cr. 523 (LTS)
                                    :
VICTOR CHANI,                       :
     a/k/a "Benaceur Chani,"        :
MOHAMED CHAFAI,                     :
     a/k/a "Simo,"                  :
LARBI BENNIS,                       :
MUSTAPHA DAHOU,                     :
HASSAN BACHARY,                     :
AHMED CHOULLAM, and                 :
PAUL GALINSON,                      :
                                    :
                    Defendants.     :
                                    :
- - - - - - - - - - - - - - - - - -X
```



## COUNT ONE

The Grand Jury charges:

1.   From in or about 1999 up to in or about 2007, in the Southern District of New York and elsewhere, VICTOR CHANI, a/k/a "Benaceur Chani," MOHAMED CHAFAI, a/k/a "Simo," LARBI BENNIS, MUSTAPHA DAHOU, HASSAN BACHARY, AHMED CHOULLAM, and PAUL GALINSON, the defendants, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.   It was a part and an object of the conspiracy that VICTOR CHANI, a/k/a "Benaceur Chani," MOHAMED CHAFAI, a/k/a "Simo," LARBI BENNIS, MUSTAPHA DAHOU, HASSAN BACHARY, AHMED CHOULLAM, and PAUL GALINSON, the defendants, and others known and unknown, would and did import into the United States from a place

outside thereof 1,000 kilograms and more of a mixture and substance containing a detectable about of marijuana, in a form commonly referred to as "hashish," a tetrahydrocannabinols, in violation of Sections 812, 952(a), and 960(b)(1) of Title 21, United States Code.

### Means And Methods Of The Narcotics Conspiracy

3.   From in or about 1999 up to in or about 2007, VICTOR CHANI, a/k/a "Benaceur Chani," MOHAMED CHAFAI, a/k/a "Simo," LARBI BENNIS, MUSTAPHA DAHOU, HASSAN BACHARY, AHMED CHOULLAM, and PAUL GALINSON, the defendants, all were members of an international narcotics trafficking organization (the "Criminal Organization") that smuggled more than 1,000 kilograms of hashish, worth more than $10,000,000 on the street, into the United States.  The Criminal Organization moved the narcotics from Morocco and France to New York City.  After smuggling the hashish into the United States, the Criminal Organization sold the drugs in New York City, and then transported the resulting drug money back to the Criminal Organization's leaders in France and Morocco.

### OVERT ACTS

4.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

2

  a. On or about December 7, 2002, MOHAMED CHAFAI, a/k/a "Simo," the defendant, and Sabry Hachani, spoke on the telephone regarding a narcotics transaction.

  b. On or about January 3, 2003, VICTOR CHANI, a/k/a "Benaceur Chani," and MOHAMED CHAFAI, a/k/a "Simo," the defendants, spoke on the telephone regarding a narcotics transaction.

  c. On or about February 4, 2003, MOHAMED CHAFAI, a/k/a "Simo," the defendant, and Sabry Hachani, spoke on the telephone about the arrest of MUSTAPHA DAHOU, the defendant.

  d. On or about January 3, 2004, VICTOR CHANI, a/k/a "Benaceur Chani," and MOHAMED CHAFAI, a/k/a "Simo," the defendants, spoke on the telephone regarding a narcotics transaction.

  e. On or about February 11, 2004, VICTOR CHANI, a/k/a "Benaceur Chani," and MOHAMED CHAFAI, a/k/a "Simo," the defendants, spoke on the telephone regarding a narcotics transaction.

  f. On or about May 5, 2004, MOHAMED CHAFAI, a/k/a "Simo," the defendant, flew from New York to France carrying $220,000 in narcotics proceeds.

  g. On or about May 13, 2004, MOHAMED CHAFAI, a/k/a "Simo," the defendant, and Sabry Hachani, spoke on the telephone about the sale of narcotics in New York, New York.

h.    In or about the summer of 2004, AHMED CHOULLAM, the defendant, supplied approximately 100 kilograms of hashish to co-conspirators not named as defendants herein, which PAUL GALINSON, the defendant, possessed in Queens, New York, when he assisted in the clearance of this shipment through United States Customs and Border Protection inspection at John F. Kennedy International Airport.

i.    In or about November 2004, co-conspirators not named as defendants herein received another shipment of approximately 100 kilograms of hashish from Morocco which PAUL GALINSON, the defendant, possessed in Queens, New York, when he assisted in the clearance of this shipment through United States Customs and Border Protection inspection at John F. Kennedy International Airport.

j.    On or about March 1, 2005, MOHAMED CHAFAI, a/k/a "Simo," the defendant, spoke on the telephone regarding a narcotics transaction.

k.    In or about April 2005, VICTOR CHANI, the defendant rented a U-HAUL rental van (the "U-HAUL") in New York, New York.

l.    On or about April 30, 2005, VICTOR CHANI, the defendant, and a co-conspirator not named as a defendant herein, drove the U-HAUL to New Jersey to pick-up approximately 240 pounds of hashish.

4

     m. On or about May 6, 2005, HASSAN BACHARY, the defendant, spoke on the telephone about a narcotics transaction.

     n. On or about May 19, 2005, MOHAMED CHAFAI, a/k/a "Simo," the defendant, possessed approximately 200 pounds of hashish in a storage facility in Long Island City, New York.

     o. During the early summer of 2005, co-conspirators not named as defendants herein received another shipment of approximately 100 kilograms of hashish from Morocco which PAUL GALINSON, the defendant, possessed in Queens, New York, when he assisted in the clearance of this shipment through United States Customs and Border Protection inspection at John F. Kennedy International Airport.

     p. On or about June 29, 2005, MUSTAPHA DAHOU, the defendant, distributed approximately 10 grams of hashish to an undercover agent with the Drug Enforcement Administration in New York, New York.

     q. In or about July 2005, Khalid Tromebati sent a Lexus Sports Utility Vehicle to Morocco as payment to individuals in furtherance of his hashish importation business.

     r. In or about July 2005, Khalid Tromebati possessed approximately two kilograms of hashish in Queens, New York.

    s. On or about July 14, 2005, MUSTAPHA DAHOU, the defendant, and Sabry Hachani, spoke on the telephone about a narcotics transaction.

    t. On or about July 15, 2005, Sabry Hachani spoke on the telephone about a narcotics transaction.

    u. On or about July 17, 2005, LARBI BENNIS, the defendant, and Sabry Hachani, spoke on the telephone about narcotics transactions.

    v. On or about July 20, 2005, Sabry Hachani spoke on the telephone about the arrest of VICTOR CHANI, the defendant.

    w. On or about July 24, 2005, Sabry Hachani and Hassan Nabirha spoke on the telephone about a narcotics transaction.

    x. On or about July 27, 2005, Sabry Hachani and Mohamed Aitbihi spoke on the telephone about a narcotics transaction.

    y. On or about July 28, 2005, HASSAN BACHARY, the defendant, and Sabry Hachani, spoke on the telephone about a narcotics transaction.

    z. On or about July 31, 2005, Sabry Hachani and Mohamed Aitbihi spoke on the telephone about a narcotics transaction.

    aa. On or about August 1, 2005, Sabry Hachani and Mohamed Aitbihi spoke on the telephone about a narcotics transaction.

    bb. On or about August 1, 2005, Sabry Hachani distributed approximately 131 grams of hashish to a confidential source working under the direction of the Drug Enforcement Administration in Queens, New York.

    cc. From in or about the spring of 2007 up to approximately June 2007, PAUL GALINSON, the defendant, met with a co-conspirator not named as a defendant herein for the purposes of facilitating a shipment of 200 kilograms of hashish through United States Customs and Border Protection inspection at John F. Kennedy International Airport.

  (Title 21, United States Code, Section 963.)

## COUNT TWO

  The Grand Jury further charges:

  5. From in or about 1999 up to in or about 2007, in the Southern District of New York and elsewhere, VICTOR CHANI, a/k/a "Benaceur Chani," MOHAMED CHAFAI, a/k/a "Simo," LARBI BENNIS, MUSTAPHA DAHOU, HASSAN BACHARY, AHMED CHOULLAM, and PAUL GALINSON, the defendants, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

6.  It was a part and an object of said conspiracy that VICTOR CHANI, a/k/a "Benaceur Chani," MOHAMED CHAFAI, a/k/a "Simo," LARBI BENNIS, MUSTAPHA DAHOU, HASSAN BACHARY, AHMED CHOULLAM, and PAUL GALINSON, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute and possess with intent to distribute a controlled substance, to wit, 1,000 kilograms and more of a mixture and substance containing a detectable about of marijuana, in a form commonly referred to as "hashish," a tetrahydrocannabinols, in violation of Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21 of the United States Code.

**OVERT ACTS**

7.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a.  On or about December 7, 2002, MOHAMED CHAFAI, a/k/a "Simo," the defendant, and Sabry Hachani, spoke on the telephone regarding a narcotics transaction.

    b.  On or about January 3, 2003, VICTOR CHANI, a/k/a "Benaceur Chani," and MOHAMED CHAFAI, a/k/a "Simo," the defendants, spoke on the telephone regarding a narcotics transaction.

   c. On or about February 4, 2003, MOHAMED CHAFAI, a/k/a "Simo," the defendant, and Sabry Hachani, spoke on the telephone about the arrest of MUSTAPHA DAHOU, the defendant.

   d. On or about January 3, 2004, VICTOR CHANI, a/k/a "Benaceur Chani," and MOHAMED CHAFAI, a/k/a "Simo," the defendants, spoke on the telephone regarding a narcotics transaction.

   e. On or about February 11, 2004, VICTOR CHANI, a/k/a "Benaceur Chani," and MOHAMED CHAFAI, a/k/a "Simo," the defendants, spoke on the telephone regarding a narcotics transaction.

   f. On or about May 5, 2004, MOHAMED CHAFAI, a/k/a "Simo," the defendant, flew from New York to France carrying $220,000 in narcotics proceeds.

   g. On or about May 13, 2004, MOHAMED CHAFAI, a/k/a "Simo," the defendant, and Sabry Hachani, spoke on the telephone about the sale of narcotics in New York, New York.

   h. In or about the summer of 2004, AHMED CHOULLAM, the defendant, supplied approximately 100 kilograms of hashish to co-conspirators not named as defendants herein, which PAUL GALINSON, the defendant, possessed in Queens, New York, when he assisted in the clearance of this shipment through United States Customs and Border Protection inspection at John F. Kennedy International Airport.

    i. In or about November 2004, co-conspirators not named as defendants herein received another shipment of approximately 100 kilograms of hashish from Morocco which PAUL GALINSON, the defendant, possessed in Queens, New York, when he assisted in the clearance of this shipment through United States Customs and Border Protection inspection at John F. Kennedy International Airport.

    j. On or about March 1, 2005, MOHAMED CHAFAI, a/k/a "Simo," the defendant, spoke on the telephone regarding a narcotics transaction.

    k. In or about April 2005, VICTOR CHANI, the defendant rented a U-HAUL rental van (the "U-HAUL") in New York, New York.

    l. On or about April 30, 2005, VICTOR CHANI, the defendant, and a co-conspirator not named as a defendant herein, drove the U-HAUL to New Jersey to pick-up approximately 240 pounds of hashish.

    m. On or about May 6, 2005, HASSAN BACHARY, the defendant, spoke on the telephone about a narcotics transaction.

    n. On or about May 19, 2005, MOHAMED CHAFAI, a/k/a "Simo," the defendant, possessed approximately 200 pounds of hashish in a storage facility in Long Island City, New York.

    o. During the early summer of 2005, co-conspirators not named as defendants herein received another shipment of approximately 100 kilograms of hashish from Morocco

which PAUL GALINSON, the defendant, possessed in Queens, New York, when he assisted in the clearance of this shipment through United States Customs and Border Protection inspection at John F. Kennedy International Airport.

        p.    On or about June 29, 2005, MUSTAPHA DAHOU, the defendant, distributed approximately 10 grams of hashish to an undercover agent with the Drug Enforcement Administration in New York, New York.

        q.    In or about July 2005, Khalid Tromebati sent a Lexus Sports Utility Vehicle to Morocco as payment to individuals in furtherance of his hashish importation business.

        r.    In or about July 2005, Khalid Tromebati possessed approximately two kilograms of hashish in Queens, New York.

        s.    On or about July 14, 2005, MUSTAPHA DAHOU, the defendant, and Sabry Hachani, spoke on the telephone about a narcotics transaction.

        t.    On or about July 15, 2005, Sabry Hachani spoke on the telephone about a narcotics transaction.

        u.    On or about July 17, 2005, LARBI BENNIS, the defendant, and Sabry Hachani, spoke on the telephone about narcotics transactions.

        v.    On or about July 20, 2005, Sabry Hachani spoke on the telephone about the arrest of VICTOR CHANI, the defendant.

    w. On or about July 24, 2005, Sabry Hachani and Hassan Nabirha spoke on the telephone about a narcotics transaction.

    x. On or about July 27, 2005, Sabry Hachani and Mohamed Aitbihi spoke on the telephone about a narcotics transaction.

    y. On or about July 28, 2005, HASSAN BACHARY, the defendant, and Sabry Hachani, spoke on the telephone about a narcotics transaction.

    z. On or about July 31, 2005, Sabry Hachani and Mohamed Aitbihi spoke on the telephone about a narcotics transaction.

    aa. On or about August 1, 2005, Sabry Hachani and Mohamed Aitbihi spoke on the telephone about a narcotics transaction.

    bb. On or about August 1, 2005, Sabry Hachani distributed approximately 131 grams of hashish to a confidential source working under the direction of the Drug Enforcement Administration in Queens, New York.

    cc. From in or about the spring of 2007 up to approximately June 2007, PAUL GALINSON, the defendant, met with a co-conspirator not named as a defendant herein for the purposes of facilitating a shipment of 200 kilograms of hashish through United States Customs and Border Protection inspection at John F. Kennedy International Airport.

    (Title 21, United States Code, Section 846.)

**COUNT THREE**

The Grand Jury further charges:

8. From in or about January 2002 up to and including in or about August 2005, in the Southern District of New York and elsewhere, MOHAMED CHAFAI, a/k/a "Simo," the defendant, unlawfully, willfully, and knowingly and with intent to defraud, did produce and use and traffic in one and more counterfeit access devices, to wit, the defendants used stolen credit card information to create counterfeit credit cards that were then used to purchase various items without the authorization of the true credit card holders.

(Title 18, United States Code, Sections 1029(a)(1), 1029(b)(2), and 2.)

**FORFEITURE ALLEGATION**

9. As a result of committing the controlled substance offenses alleged in Counts One and Two of this Indictment, VICTOR CHANI, a/k/a "Benaceur Chani," MOHAMED CHAFAI, a/k/a "Simo," LARBI BENNIS, MUSTAPHA DAHOU, HASSAN BACHARY, AHMED CHOULLAM, and PAUL GALINSON, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting and derived from any proceeds that the said defendant obtained directly and indirectly as a result of the said violation and any and all property used and intended to be used in any manner or part to commit and to facilitate the

commission of the violations alleged in Counts One and Two of this Indictment including, but not limited to, the following:

    a.    a sum of money equal to approximately $10 million in United States Currency, representing the amount of proceeds obtained as a result of the controlled substance offense for which the defendants are liable.

    b.    United States currency in the amount of $2,500.00, received by an undercover law enforcement officer from VICTOR CHANI, a/k/a "Benaceur Chani," the defendant, on or about April 28, 2005.

    c.    United States currency in the amount of $4,050.00, seized from VICTOR CHANI, a/k/a "Benaceur Chani," the defendant, at the time of his arrest on or about April 30, 2005.

    d.    All those items of value discovered and seized on or about May 19, 2005, from safe deposit box 1518, located at J.P. Morgan Chase Bank, 22-45 31st Street, Astoria, New York, rented by "Mohamed B. Chafai," which includes approximately $145,000 in United States currency.

    e.    All those items of value discovered and seized on or about June 8, 2005, from the residence located at 43-01 21st Avenue, Apartment #2R, Astoria, Queens, in the name of "Mohamed B. Chafai," which includes:

        i.    a Tag-Heuer watch with Serial Number WJ2110;

    ii. a Tag-Heuer watch with Serial Number WT1130;

    iii. a Raymond Weil Watch with Serial Number 9331-B483056; and

    iv. approximately $6,600 in United States currency.

  f. All United States currency funds or other monetary instruments credited to account number 900569037 in the name of "Mohamed B. Chafai," located at Astoria Federal Savings Bank, One Astoria Federal Plaza, Lake Success Plaza, Lake Success, New York, including but not limited to $2,015.99 seized on or about June 9, 2005.

  g. All United States currency funds or other monetary instruments credited to account number 6930088753-65 in the name of "Mohamed B. Chafai," located at J.P. Morgan Chase Bank, One Chase Manhattan Plaza, New York, New York, including but not limited to $14,948.75 seized on or about June 9, 2005.

  h. All United States currency funds or other monetary instruments credited to account number 6930088753-01 in the name of "Mohamed B. Chafai," located at J.P. Morgan Chase Bank, One Chase Manhattan Plaza, New York, New York, including but not limited to $8,203.21 seized on or about June 9, 2005.

<u>Substitute Assets Provision</u>

  10. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 21, United States Code, Sections 846, 853, and 963.)

_____  _____
FOREPERSON                  MICHAEL J. GARCIA
                            United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

- v. -

VICTOR CHANI,
a/k/a "Benaceur Chani,"
MOHAMED CHAFAI,
a/k/a "Simo,"
LARBI BENNIS,
MUSTAPHA DAHOU,
HASSAN BACHARY,
AHMED CHOULLAM, and
PAUL GALINSON,

Defendants.

---

**INDICTMENT**

S11 05 Cr. 523 (LTS)

(21 U.S.C. §§ 846, 963, 18 U.S.C. §§ 1029(a)(1), 1029(b)(2), and 2.)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson.