**CHARLES F. CARNESI**
*Attorney at Law*
1225 Franklin Avenue
Suite 325
Garden City, New York 11530

TELEPHONE
(516) 512-8914

TELECOPIER
(516) 873-8881

February 4, 2008


**Via ECF and Fax (212-805-0426)**
Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street, Room 755
New York, NY 10007

Re:   *United States v. Galinson* S11 05 Cr. 523 (LTS)

Dear Judge Swain:

     We submit this letter in support of Paul Galinson's motion pursuant to Federal Rule of Criminal Procedure 14 to be severed from his co-defendants for trial in the referenced matter. The basis for the instant motion is the fact that Galinson's anticipated defense will conflict with that of his co-defendants and thereby create a serious risk that a joint trial will compromise his rights (as well as those of his co-defendants) and prevent the jury from returning a reliable verdict.  *United States v. Zafiro,* 506 U.S. 534, 539, 113 S.Ct. 933, 938 (1993).

     The indictment in this case charges that Galinson participated with his codefendants in an international narcotics importation and distribution conspiracy during the period from 1999 through 2007.  Indictment at 1.  According to the indictment, the defendants facilitated the importation of illegal drugs from France and Morocco into the United States where they were sold.  Thereafter, the proceeds were allegedly sent back to France and Morocco to the leaders of the conspiracy.  Indictment at 1-2.

     As to Galinson in particular, the indictment charges that Galinson, who operates a customs expediting business, assisted in the clearance of illegal drugs through customs on a few occasions (Indictment at 4-5, 9-11), and met with a co-conspirator on another occasion to discuss facilitating an additional shipment.  Indictment at 7, 12.

     At trial, Galinson intends to acknowledge that some of these allegations are in fact true. Galinson, however, will prove that to the extent that he participated in the charged conduct, he did so with the full knowledge of an official in the Department of Immigration and Customs

Hon. Laura Taylor Swain
February 4, 2008
Page 2 of 3

Enforcement ("ICE"). In addition, Galinson will prove at trial not only that he informed the government about the activity at issue in this case but also that he has a longstanding history of reporting illegal shipments to ICE officials. His defense is quite simply that he acted as a confidential informant, not as a criminal.

Moreover, as one would expect, Galinson disclosed his defense to the government in pre-indictment discussions in the belief that prosecution could be avoided. For reasons unknown to us, however, nearly three years after it filed the first indictment in this case, just three months before the trial, in December 2007, the government filed its *tenth* superseding indictment and for the first time added Galinson as a defendant. Though we are not now challenging the decision to indict Galinson, we do take issue with the propriety of adding him to the current indictment.

As the government must certainly be aware, at trial the majority of the defendants will argue that the alleged conduct simply did not occur or, at a minimum, that they were not involved. Galinson, by contrast, will affirmatively acknowledge that at least some of the alleged conduct did in fact occur. The government has thus placed Galinson and his co-defendants squarely at odds with one another such that for a jury to believe one it must necessarily disbelieve the other. Under these circumstances, Galinson cannot possibly receive a fair trial.

Federal Rule of Criminal Procedure 8(b) provides that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Rule 14 of the Federal Rules of Criminal Procedure, however, "recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government. Thus the Rule provides:

> 'If it appears that a defendant or the government is prejudiced by a joinder of . . . defendants . . . for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.'

*Zafiro*, 506 U.S. at 538, 113 S.Ct. at 937 (omissions in original).

Though not *per se* prejudicial, mutually antagonistic or irreconcilable defenses may be so prejudicial as to mandate severance. *Id.* Such is the case when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro*, 506 U.S. at 539, 113 S.Ct. at 938.

The Second Circuit has held that antagonistic defenses require severance when "acceptance of one defendant's defense will lead the jury to convict the other." *United States v. Serpoosh*, 919 F.2d 835, 837-38 (2d Cir. 1990) (internal citations omitted). Severance is similarly required where a defendant demonstrates that "'the jury will infer both defendants are guilty solely due to the conflict.'" *Id*. at 838 (*quoting United States v. Herring*, 602 F.2d 1220, 1225 (5th Cir. 1979)).

Hon. Laura Taylor Swain
February 4, 2008
Page 3 of 3

As stated above, Galinson intends to defend this case by demonstrating that to the extent that he participated in the charged conspiracies he did so as a confidential informant acting with the knowledge and consent of a government agent and that his conduct is, therefore, not criminal.

Consequently, to pursue this line of defense, Galinson must necessarily acknowledge that a conspiracy indeed existed and that he participated in it with one or more of his co-defendants. Thus, if tried along with his co-defendants, Galinson will not be free to pursue what may be his only viable theory of defense without the necessity of simultaneously inculpating his co-defendants. Moreover, Galinson's co-defendants will undoubtedly argue that a conspiracy never existed and that Galinson could not, therefore, possibly be telling the truth.

Thus, here, as in *Serpoosh*, the damage caused by the conflicting defenses will be enhanced by the need for defense counsel to accuse one another's clients of lying to escape blame, which will empower the government to suggest to the jury that neither story is true. *Serpoosh*, 919 F.2d at 838. Under these circumstances, there is a significant risk that "the jury will infer [all] defendants are guilty solely due to the conflict.'" *Serpoosh*, 919 F.2d at 838.

Accordingly, we believe that it would be an appropriate exercise of the Court's discretion to sever Galinson from his co-defendants so that he may be tried alone.

Respectfully,


_____/s/_____
Charles F. Carnesi


cc:    All Counsel (Via ECF)