**CHARLES F. CARNESI**
*Attorney at Law*
1225 Franklin Avenue
Suite 325
Garden City, New York 11530

TELEPHONE
(516) 512-8914

TELECOPIER
(516) 873-8881

February 14, 2008

**Via ECF and Fax (212-805-0426)**
Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street, Room 755
New York, NY 10007

Re:    *United States v. Galinson* S11 05 Cr. 523 (LTS)

Dear Judge Swain:

    We submit this letter in reply to the government's opposition to Paul Galinson's motion pursuant to Federal Rule of Criminal Procedure 14 to be severed from his co-defendants for trial in the referenced matter. The government opposes our application primarily on the ground that defendants who are indicted together should, as a matter of course, be tried together. Though true, that legal precept is not strictly applicable here because Galinson was not indicted with his codefendants.

    To the contrary, the government indicted Galinson nearly three years after the codefendants when it filed its *tenth* superseding indictment. Moreover, the government's addition of Galinson to the indictment came just three months before the codefendants were scheduled to commence trial. Consequently, we submit that under these circumstances the government's boilerplate response to our motion is largely inapplicable.

    Moreover, the issue, as the government frames it, is whether the prejudice of a joint trial "'is sufficiently severe to outweigh the judicial economy that would be realized by avoiding lengthy multiple trials.'" Government Memorandum in Opposition ("Gov. Opp.") at 5 (*quoting United States v. Lanza*, 790 F.2d 1015, 1019 (2d Cir. 1986)). Here, however, we are not faced with the possibility of lengthy multiple trials. The government estimates that a joint trial will last just two to three weeks and that a trial of Galinson alone would require little more than week.

    In fact, it is the government's theory that Galinson played a discrete role and had no contact with his codefendants. It would thus appear that the evidence regarding Galinson will

Hon. Laura Taylor Swain
February 14, 2008
Page 2 of 3

not have a significant overlap with that regarding the codefendants. Consequently, a joint trial would likely do little to further the interests of judicial economy. Furthermore, the government's last minute addition of Galinson to the indictment tends to indicate that he is not integral to the case.

In addition, while the government makes much of the presumption in favor of joint trials, intuitively it strikes us as presumptively prejudicial to allow the codefendants three years to prepare for trial and at the same time require Galinson to proceed in just three months—particularly since the government issued its eleventh superseding indictment and Galinson now faces a mandatory minimum sentence of ten years if convicted.

Though tacitly acknowledging that Galinson will suffer prejudice in a joint trial, the government apparently suggests that the Court should nonetheless deny Galinson's motion because such a decision is unlikely to be reversed. *See, e.g.*, Gov. Opp. at note 3. The government, however, ignores the fact that an appellate court's finding that a district court did not abuse its discretion in denying a severance motion does not support the inverse conclusion—namely that granting the severance motion would have constituted an abuse of discretion.

Moreover, the legal standards that the government set forth in its memorandum do not in fact govern whether Galinson is entitled to a severance—they govern whether a decision to deny him a severance could be reversed. Despite the plethora of opinions in which circuit courts have declined to reverse the denial of severance motions, the initial determination remains firmly within the district court's discretion, and Galinson is not required to meet the heavy burden that the government set forth in its memorandum.

We believe that under the facts of this case justice would be best served by granting Galinson's request for a severance. There can be little doubt that he will suffer prejudice if tried with the codefendants. As set forth in our moving papers, Galinson intends to pursue a public authority defense. His defense will, therefore, indubitably conflict with that of the codefendants.

The government intends to prove that Galinson and the codefendants were engaged in a wide-ranging conspiracy to import hashish. The government points to the fact that it does not expect any defendant to argue that a conspiracy did not exist. First, that assumption is pure speculation. Second, it is one thing for a cooperating witness to testify that a conspiracy existed; it is an entirely different matter when a defendant does so. More to the point, however, is the very real possibility that the conflicting defenses will require the jury to reject either Galinson's defense or that of his codefendants, or, quite possibly, both. Under such circumstances, a joint trial would impinge significantly upon Galinson's right to a fair trial.

Furthermore, apart from generalizations regarding judicial economy, the government has made no showing that it would in fact be prejudiced by separate trials in *this* case. Consequently, we believe that under these circumstances Galinson's right to a fair trial outweighs a theoretical interest in judicial economy that would not be impacted in any significant way by a severance in this case.

Hon. Laura Taylor Swain
February 14, 2008
Page 3 of 3

      Therefore, because the generalized concern for judicial economy is outweighed here by the substantial likelihood of prejudice that a joint trial will cause Galinson, particularly in light of the limited length of the trial, whether joint or otherwise, and because of the fact that the government added Galinson at the 11th hour, we respectfully request that the Court exercise its discretion and sever Galinson from the codefendants so that he may be tried alone.

Respectfully,


_____/s/_____
Charles F. Carnesi

cc:    All Counsel (Via ECF)