UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| - v. - | : | |
| | : | |
| VICTOR CHANI, | : | S11 05 Cr. 523 (LTS) |
|     a/k/a "Benaceur Chani," | : | |
| AHMED CHOULLAM, and | : | |
| PAUL GALINSON, | : | |
| | : | |
|     Defendants. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**GOVERNMENT'S RESPONSE TO DEFENDANT
PAUL GALINSON'S NOTICE OF RULE 12.3 DEFENSE**

On February 8, 2008, defendant Paul Galinson filed a notice pursuant to Federal Rule of Criminal Procedure 12.3 that he intends to raise a public-authority defense at trial in the above-captioned case (the "Notice"). The Government respectfully submits this response to the Notice pursuant to Rule 12.3(a)(3); denies that Galinson exercised the public authority identified in the Notice, as set forth more fully below; and, pursuant to Rule 12.3(a)(4)(A), requests that the defendant "disclose the name, address, and telephone number of each witness the defendant intends to rely on to establish a public-authority defense."

In the Notice, defendant Galinson asserts that, with respect to the criminal acts alleged in the Indictment, he exercised public authority on behalf of Walter Golenbiowski of the United States Customs and Border Patrol/Immigration and Customs Enforcement ("U.S. Customs"), and that he acted with public authority with respect to the acts alleged in the Indictment from 2002 through 2007. On the basis of the Government's investigation of Galinson's claims, including multiple interviews with Inspector Golenbiowski, interviews with

other knowledgeable persons at U.S. Customs, and Galinson's own statements to the Government, the Government denies that Galinson acted with public authority with respect to any of the criminal acts charged in the Indictment and denies that there is any factual or legal basis for Galinson to assert the defense at trial. Based on the Government's investigation, Inspector Golenbiowski had no authority to authorize defendant Galinson to engage in the acts charged in the Indictment, and neither Inspector Golenbiowski nor any other official at U.S. Customs authorized Galinson to act on behalf of U.S. Customs with respect to the acts charged in the Indictment. *See, e.g., United States* v. *Giffen*, 473 F.3d 30, 38-43 (2d Cir. 2007) (extensive discussion of Second Circuit case law regarding the public-authority defense and related defenses).

Assuming defendant Paul Galinson still intends to seek to present a public-authority or related defense at trial, the Government requests that Galinson disclose the name, address, and telephone number of each witness he intends to rely on to present this defense at trial, and that such disclosure be made within seven days, pursuant to Federal Rule of Criminal Procedure 12.3(a)(4)(A) and (B).

    Respectfully submitted,

    MICHAEL J. GARCIA
    United States Attorney for the
    Southern District of New York

by: _____/s/_____
    Glen G. McGorty
    Jeffrey A. Brown
    Margaret Garnett
    Assistant United States Attorneys
    (212) 637-2200