UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES,

        Plaintiff,

-v-                                       No. 05 Cr. 523 (LTS)

PAUL GALINSON,

        Defendant.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 2 2 2008

## MEMORANDUM ORDER

        On February 4, 2008, Defendant Paul Galinson ("Galinson") moved pursuant to Rule 14 of the Federal Rules of Criminal Procedure for an order severing Galinson's trial from that of the remaining co-defendants in the above-captioned matter. (Docket Entry No. 253.) The Government filed its opposition to Galinson's motion on February 11, 2008 (Docket Entry No. 260), and Galinson filed a reply on February 14, 2008 (Docket Entry No. 261). The Court has considered thoroughly the parties' submissions. For the following reasons, Galinson's motion is denied.

        Galinson is charged in Count One of the Eleventh Superseding Indictment, along with remaining co-defendants Victor Chani ("Chani") and Ahmed Choullam ("Choullam"), with conspiring to import hashish into the United States. Galinson and the remaining co-defendants are charged in Count Two with conspiring to distribute or possess with intent to distribute hashish. The Superseding Indictment alleges that the defendants participated in an international narcotics operation that imported hashish from Morocco and France into the United States, where the drugs were distributed and sold, from 1999 through 2007.

        The Government intends to proffer evidence that Galinson, as the owner of a cargo

courier service at JFK Airport and through agreements with various individuals, facilitated shipments of hashish to his airport warehouse, whereupon he released those shipments to hashish dealers in exchange for money. The Government also proffers that its proof as to Galinson will not depend on any showing that Galinson had contact with or even knowledge of Chani or Choullam.

Galinson intends to assert a public authority defense. In doing so, Galinson will admit that at least some of the charged conduct occurred and/or that a conspiracy did exist, but he intends to proffer evidence that, to the extent he participated in the charged conduct, he did so with the full knowledge of an official in the Department of Immigration and Customs Enforcement, and that he acted as a confidential informant. Galinson predicts that Chani and Choullam will argue that the charged conduct did not occur, or that they were not involved in any conspiracy. As such, he argues, Galinson's proffers will be at odds with those of Chani and Choullam, such that he will be deprived of a fair trial.

A district court should grant a severance under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). The Court finds that the parties' anticipated trial strategies do not pose any serious risk that a joint trial would compromise any of the defendants' trial rights or prevent the jury from making a reliable judgment about guilt or innocence as to any of the defendants. Galinson does not identify the specific aspects of the conspiracy charges that he expects will be disputed by the co-defendants, nor does he articulate the extent to which his defense is dependent upon such disputed facts. Rather, Galinson's primary basis for seeking severance is the mere possibility that one co-defendant's defense will contradict portions of another co-defendant's defense. This level of prejudice is too speculative and minimal to justify severance, and the fact that the Government's case against

Galinson will not rely on any alleged contact between Galinson and the co-defendants with whom he will be tried further minimizes the possibility of direct contradiction on issues fundamental to each co-defendant's defense. See United States v. Salameh, 152 F.3d 88, 116 (2d Cir. 1998) ("In order to make a showing of mutually antagonistic or irreconcilable defenses, the defendant must make a factual demonstration that acceptance of one party's defense would tend to preclude the acquittal of the other") (citations and quotations omitted). Furthermore, while certain factual predicates presented by Galinson might contradict aspects of Chani's or Choullam's defense, Galinson fails to show how any such contradiction would create any significant risk of undue confusion by the jury that cannot be minimized by appropriate limiting instructions. See Zafiro, 506 U.S. at 539 ("less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice"); Salameh, 152 F.3d at 116 ("any possible prejudice was eliminated by the district court's repeated admonitions to the jury that each defendant's guilt had to be separately and individually considered").

Galinson's motion to sever his trial from that of the remaining co-defendants is therefore denied. The Clerk of Court is respectfully requested to terminate Docket Entry No. 253. The final pre-trial conference in this case is scheduled for **March 4, 2008**, at **11:00 a.m.**

SO ORDERED.

Dated:    New York, New York
         February 22, 2008

_____
LAURA TAYLOR SWAIN
United States District Judge